UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB, a
Federally Chartered Savings Bank,

      Plaintiff,

v.

AMERICAN NATIONWIDE
MORTGAGE COMPANY, INC.,
a Florida corporation
      Defendant.

Case No. 15-cv-13497
District Judge John Corbett O'Meara
Mag. Judge Elizabeth A. Stafford

Oakland County Circuit Court
Case No. 15-148948-CB
Hon. James Alexander

_____/

DICKINSON WRIGHT PLLC
Jason P. Klingensmith (P61687)
Daniel J. Phillips (P74101)
Attorneys for Plaintiff
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3500

LIPSON, NEILSON, COLE, SELTZER
& GARIN, P.C.
Thomas G. Costello (P42973)
Attorneys for Defendant
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000

_____/

## STIPULATED PROTECTIVE ORDER

      This matter having come before the Court upon the stipulation of Plaintiff Flagstar Bank, FSB and Defendant American Nationwide Mortgage Company, Inc. (collectively, the "Parties") for the purpose of entering a Protective Order pursuant to Fed. R. Civ. P. 26(C) with respect to the production of documents in the above-captioned action ("Action"); and the Court being otherwise fully advised in the premises:

NOW, THEREFORE, IT IS HERBY STIPULATED, AGREED AND ORDERED that:

1. As used in this Order, "document", "information" or "material" shall include, but not be limited to, any written, printed, typed, photographed, recorded or graphic materials, however produced or reproduced, of any kind or description, including material that is retained by electronic means, and including photographs and videotape, as well as any animate objects.

2. As used in this Order, "Confidential" means any confidential business, commercial, personnel or personal information, documents, materials and/or proprietary information, including any document, photograph, video recording, deposition testimony or trial testimony, or any portion thereof, which contains such information.

3. The Parties may designate as Confidential any document, information or material they produce in this Action containing Confidential information. The designation of a document, material or information as Confidential may be made at the time of production of such document, information or material by placing or affixing thereon (in such manner as will not interfere with the legibility thereon) the word: "CONFIDENTIAL," or words to a substantially similar effect, or by providing the party receiving the documents, information or material (the "Receiving Party") with written notice specifying the particular documents,

information or material that are to be treated as Confidential under this Order. The entire document that contains such notice or notices, and the information contained in such materials, shall be treated as Confidential unless the party producing the document (the "Producing Party") shall clearly indicate thereon that only a portion of it is to be treated as Confidential.

    4.    No material shall be designated as "CONFIDENTIAL" that has not been treated as confidential by the party making or requesting the designation.

    5.    Documents and materials designated Confidential, copies thereof, and the information contained therein shall not be made available or disclosed to any person except as follows:

    (a)    the Court, Court personnel, Court-appointed experts, and Court videographers and reporters in the Action;

    (b)    outside counsel for the parties including their support staff such as administrative and legal assistants;

    (c)    in-house counsel for the parties, including in-house counsel's support staff such as administrative and legal assistants;

    (d)    experts (and their assistants), who shall not be employees of any party in this case, retained for the purpose of assisting in the prosecution or defense of the Action;

    (e)    deposition witnesses or trial witnesses at the time that deposition or trial testimony is given; and

    (f)    business personnel employed by the parties assisting in the prosecution or defense of the Action, as the case may be.

6. Confidential documents and material, or information derived therefrom, shall be used solely for the purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, or governmental purpose. Nothing in this Order shall be construed as granting the receiving party any license or right to utilize any of the Confidential material, which shall remain the property of the Producing Party. Notwithstanding the foregoing, nothing in this Order shall (1) limit in any manner a party's use of its own Confidential materials or documents nor (2) prevent said party from disclosing its Confidential materials or documents as may be required by applicable statute or regulation or to satisfy obligations owed to any government agency having regulatory authority over that party, including the Office of the Comptroller of the Currency and the Consumer Financial Protection Bureau.

7. Confidential Information which is marked as an exhibit in a deposition or other discovery document remains Confidential, and may not be disclosed by the Receiving Party except in accordance with this Order.

8. Any Party may object to the designation of any particular document or material as Confidential by giving written notice of such objection to the Producing Party. Such written notice shall identify that document or material to which the objection is directed and the basis of the objection. If the objecting party and the Producing Party are unable to resolve their differences within seven (7)

days from the time the notice is received, the objecting party may file an appropriate request for the Court to rule that the disputed document/material should not be subject to the protection of this Order. The disputed material shall remain Confidential and subject to the terms of this Order unless and until the Court rules otherwise.

      9.      Confidential Information may be used at trial to the extent it is admissible. A Receiving Party intending to use at trial material designated by the Producing Party as Confidential shall notify the Producing Party of that intention prior to trial. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

      10.     As set forth in Paragraph 5 above, Confidential Information may be disclosed to the Court as necessary, including, but not limited to, pleadings filed with the Court, exhibits filed with the Court, and at proceedings before the Court; however, the Confidential Information may be subject to seal by the Court.

      11.     This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court.

      12.     Neither this Order nor the designation of any item as Confidential shall be construed as an admission that such material, or any testimony in respect of such material in a deposition or otherwise, would be admissible in evidence in this Action or in other proceedings.

13. At the conclusion of trial and/or any appeals or other termination of this Action, all Confidential documents and materials received under the protections of this Order, and all copies thereof, shall be returned to the Producing Party or destroyed, at the Producing Party's sole option, within 60 days. The provisions of this Order insofar as they restrict the communication and use of Confidential material and information shall, without written permission of the Producing Party or further order of this Court, continue to be binding on all parties and individuals receiving Confidential material after the conclusion of this Action.

14. This Order does not prevent any party from seeking additional or other relief with respect to the subject matter of this Order, including but not limited to an order requiring that certain papers or other materials be filed under seal, and this Order does not prevent any party from seeking an order modifying or setting aside this Order, in whole or in part.

IT IS SO ORDERED.

Date: January 15, 2016                                         s/John Corbett O'Meara
                                                               United States District Judge

The parties hereby stipulate to entry of this Order:

Respectfully Submitted,

| DICKINSON WRIGHT PLLC | LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C. |
|---|---|
| /s/ Daniel J. Phillips | /s/ David G. Michael |
| Jason P. Klingensmith (P61687) | Thomas G. Costello (P42973) |
| Daniel J. Phillips (P74101) | David G. Michael (P68508) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 500 Woodward Ave., Suite 4000 | 3910 Telegraph Road, Suite 200 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48302 |
| (313) 223-3500 | (248) 593-5000 |